UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELO FERNANDEZ,

                     Movant,

-v-

UNITED STATES OF AMERICA,

                     Respondent.

18 Civ. 5568 (PAE)

13 Cr. 0020-2 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

    The Court has reviewed the *pro se* petition of Angelo Fernandez for relief pursuant to 28 U.S.C. § 2255 (18 Civ. 5568, Dkt. 1; 13 Cr. 20-2, Dkt. 200), the Government's memorandum of law in opposition (13 Cr. 20-2, Dkt. 202), and Fernandez's reply (18 Civ. 5568, Dkt. 5; 13 Cr. 20-2, Dkt. 203). This order resolves – and denies – that petition.

    Following a one-week jury trial in August 2013 at which overwhelming evidence of his leadership of a sizable narcotics distribution operation centered around 1360 Plimpton Avenue in the Bronx was presented, Fernandez was convicted of the distribution and possession with intent to distribute, *inter alia*, 280 grams and more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).[1] On July 30, 2014, the Court sentenced Fernandez to, *inter alia*, a term of 325 months imprisonment, noting the scope of Fernandez's drug operation, its deleterious impact on the community (including a playground) in which his crack sales were based, and Fernandez's repeated use of violence and retributive threats of violence, including to persons uninvolved in his narcotics ring (e.g., a building superintendent and his family) whose

---

[1] The jury acquitted Fernandez of a second count, which charged possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i)

actions threatened to interfere with Fernandez's drug distribution. On appeal, Fernandez challenged the sufficiency of the evidence and the reasonableness of his sentence. On January 28, 2016, the Second Circuit, in a summary opinion, affirmed. *See United States v. Fernandez*, 636 F. App'x 71 (2016), *cert. denied,* 137 S. Ct. 2283 (2017).

In seeking post-conviction relief, Fernandez makes two broad arguments – first, that the Government committed prosecutorial misconduct; and, second, that his trial counsel was ineffective. Substantially for the reasons set forth in the Government's opposition, the Court denies Fernandez's petition as meritless.

In summary:

1. Fernandez's § 2255 claim of prosecutorial misconduct pivots on his claim that the search of the apartment of his sometime-girlfriend, Liza Reyes, which yielded a sizable amount of crack cocaine and a firearm, violated the Fourth Amendment. That claim fails for multiple reasons.

First, this claim was procedurally defaulted by virtue of Fernandez's failure to raise it on direct appeal. (Fernandez also did not move to suppress this evidence at trial.) Fernandez does not show any cause for this lapse, let alone cause sufficient to meet the stringent standard facing a § 2255 petitioner who brings a claim that had been available to him on appeal but was not then pursued. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 752 (1991). On the contrary, as the Government's memorandum makes clear, the facts surrounding the search were well known to Fernandez long before the charges were brought in this case. There was no impediment to his challenging the search, at trial or on direct appeal. And even assuming *arguendo* that Fernandez could show cause for his failure to bring the Fourth Amendment claim on direct appeal, he cannot show prejudice, the other showing required to overcome a procedural default. *See*

*Bousley v. United States*, 523 U.S. 614. 622 (1998). The jury acquitted Fernandez of the one charge, the firearm charge, that uniquely arose from the search of Reyes' apartment. And the evidence on the narcotics-distribution count on which Fernandez was convicted, putting aside the narcotics found in Reyes's apartment, was so overwhelming as to be conclusive. Had no evidence from the search of Reyes's apartment been received, Fernandez assuredly would have been convicted on Count One.

Second, the record makes clear that any Fourth Amendment challenge by Fernandez to the search would have failed on the merits, for two independent reasons. First, the search was a lawful consent search—Reyes gave consent to the search, both in writing and orally. And, second, Reyes' statements made clear that Fernandez lacked standing to challenge it. Reyes notified the officers at the time of the search that Fernandez did not live in the apartment, that he instead "live[d] with his mother" and that she did not "know where he's been staying for a couple weeks." Reyes confirmed these statements in sworn testimony before the federal grand jury that heard this case, adding that she had asked Fernandez to remove his belongings from her apartment because she and Fernandez "were going through our little personal relationship problems." Fernandez, for his part, had denied in testimony in a civil lawsuit that he had ever had a romantic relationship with Reyes, or that he had left personal belongings in her home. He testified instead that he had lived his whole life in his apartment. This too undermined any claim on his part of standing.

2. Fernandez's § 2255 claim of ineffective assistance is also based on the search of Reyes's apartment. He faults his trial counsel for not moving to suppress that evidence at trial. That claim is measured under the familiar standards of *Strickland v. Washington*, 466 U.S. 668 (1984), under which a petitioning defendant who claims ineffective assistance must show that

3

counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and must also "affirmatively prove prejudice" by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687-89, 693-94.

Fernandez's claim of ineffective assistance fails for three independent reasons.

First, any such suppression motion would have failed, given both Reyes's written and documented consent to the search and Fernandez's evident lack of standing to challenge that search. It was no lapse for defense counsel to forego a losing motion.

Second, even if defense counsel could be faulted for not moving to suppress, defense counsel's performance, viewed holistically as required, satisfied *Strickland*. As the trial transcript reveals, counsel vigorously defended the case at all stages, in the face of a high degree of difficulty as a result of the formidable evidence amassed of Fernandez's guilt on the narcotics charge.

Third, given the overwhelming independent evidence against Fernandez, the failure to move to suppress was harmless. Fernandez experienced no prejudice from the receipt of evidence from Reyes' apartment, which served only to confirm what the balance of the evidence convincingly showed: Fernandez's operation of the narcotics-distribution ring based at 1360 Plimpton Avenue.

The Court accordingly denies Fernandez's petition.

The Clerk of Court is respectfully directed to terminate the motions pending at 18 Civ. 5568, Dkt. 1 and 13 Cr. 20-2, Dkt. 200 and to close this case.

The Court declines to issue a certificate of appealability and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: October 7, 2019
New York, New York